**FILED**
**Sep 07, 2018**
**08:41 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **NICOLE STEEN,** | ) | **Docket No. 2017-08-0815** |
| **Employee,** | ) | |
| **v.** | ) | |
| **IDEXX LABORATORIES, INC.,** | ) | **State File No. 55392-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS INDEMNITY CO.,** | ) | **Judge Deana C. Seymour** |
| **Insurance Carrier.** | ) | |

## EXPEDITED HEARING ORDER
## DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This case came before the Court on August 29, 2018, upon Nicole Steen's Request for Expedited Hearing (REH).[1] The central legal issue is whether Ms. Steen is likely to prevail at a hearing on the merits on entitlement to medical and temporary disability benefits. The Court holds she is not likely to do so and denies the requested benefits at this time.

### History of Claim

Ms. Steen worked as a lab liaison for IDEXX Laboratories, Inc. (IDEXX). She claimed exposure to formaldehyde, methanol and mold at work on January 20, 2017, causing nausea, stomach pains, and shortness of breath. Ms. Steen reported the exposure to the nurse case manager at IDEXX. IDEXX denied the claim without providing medical care.[2] Ms. Steen received medical treatment on her own from Dr. Ronald Michael at

---

[1] Ms. Steen initially filed three petitions for three different dates of injury. In her REH, Ms. Steen used the state file number associated with the January 20, 2017 injury but the docket number for an August 12, 2016 injury. The parties agreed to January 20 as the correct date of injury. Thus, the Court heard this case under docket number 2017-08-0815 and state file number 55392-2017 associated with the January 20 claim. The Court dismissed the other claims for failure to prosecute.

[2] IDEXX filed a Form C-23 Notice of Denial of Claim for Compensation on August 24, 2017. It listed "statutory definition of accident not met; no medical evidence of injury; not major contributing cause" as

Methodist Healthcare and Region IV Mental Health Services.[3] However, no medical records from that treatment were admitted into evidence.[4]

Ms. Steen filed a Petition for Benefit Determination asking the Court to order IDEXX to provide medical treatment and temporary disability benefits. Ms. Steen testified on her own behalf that she became ill at IDEXX. However, she admitted that she suffered from Crohn's Disease and experienced gastrointestinal issues since 2009. She described a strong odor in the lab that she reported to the Tennessee Occupational Safety and Health Administration (TOSHA). Ms. Steen claimed that IDEXX retaliated against her for filing the TOSHA complaint and refused to allow her to work from home so she could continue her job. She has not worked since she resigned on April 21, 2017.

IDEXX presented testimony from its Senior Lab Manager, Adam Winter, and Environmental Health and Safety Manager, Scott Chubbuck, that Ms. Steen was not exposed to formaldehyde, methanol, or mold. Mr. Winter and Mr. Chubbuck testified that IDEXX used formalin, which was only four percent formaldehyde diluted in water, in the lab. They testified that Ms. Steen did not work in the area where the chemical was used. Mr. Chubbuck also testified that IDEXX only used methanol in an analyzer machine that was not open to the general lab where Ms. Steen worked. He further stated that air-quality tests showed that IDEXX did not have problems with mold. According to Mr. Chubbuck, no other employees complained of the issues raised by Ms. Steen.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

Ms. Steen bears the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). She does not have to prove every element of her claim by a preponderance of the evidence but must present sufficient evidence for the Court to determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

---

basis for denial. IDEXX also raised the defenses of notice and statute of limitations.

[3] During the hearing, Ms. Steen mentioned treatment for depression and anxiety. However, she did not raise a mental injury in her Petition for Benefit Determination (PBD) or Dispute Certification Notice.

[4] Ms. Steen attempted to introduce medical records for this treatment into evidence, but IDEXX objected since they were only partial records and did not contain the medical providers' signatures. The Court sustained the objection and excluded the records.

*Causation*

To recover benefits, Ms. Steen must show her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14)(B) (2017). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." *Id*. This contribution must be established to a reasonable degree of medical certainty, which means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. *Id*.

Here, Ms. Steen introduced no medical proof of a work injury. Since no physician has determined that Ms. Steen's condition is related to her work, the Court holds Ms. Steen is unlikely to prevail at a hearing on the merits for entitlement to medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Steen's claim against IDEXX for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing **on October 22, 2018, at 11:00 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call in may result in a determination of the issues without the parties' participation.

**ENTERED September 7, 2018.**

_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Form C-41 Wage Statement
2. Ms. Steen's Resignation Letter of April 21, 2017
3. Affidavit of Bruce Harrod
4. Affidavit of Schuyler Crowe
5. Affidavit of Helen King-Atallah
6. Charge of Discrimination form filed with the Tennessee Human Rights Commission on November 13, 2017 (ID only)
7. Denial letter from the Social Security Administration, dated May 26, 2017
8. C-23 Notice of Denial of Claim for Compensation
9. Dispute Certification Notices
10. Daily News article regarding IDEXX
11. Emails between Ms. Steen and representatives of IDEXX (ID only)
12. Petitions for Benefit Determination

Technical record:
1. Petition for Benefit Determination (DOI:8/12/16)
1a. Petition for Benefit Determination (DOI: 1/20/17)
2. Dispute Certification Notice (DOI: 8/12/16)
2a. Dispute Certification Notice (DOI: 1/20/17)
3. Request for Expedited Hearing and attached affidavit (Collective)
4. Ms. Steen's Response to the Dispute Certification Notice
5. Order on Show Cause Hearing
6. Employer's Exhibit List
7. Employer's Witness List
8. Employer/Carrier's Expedited Hearing Pre-Trial Brief
9. Motion to Exclude Exhibits

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 7th day of September, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Nicole Steen, Self-represented Employee | | | X | nicolesteen32@yahoo.com |
| Paul Nicks, Employer's Attorney | | | X | pnicks@travelers.com |

_____
**PENNY PATTERSON-SHRUM, CLERK**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**